BOOTH, Judge.
Appellant challenges the validity of Florida Administrative Code Rule 59G-4.070 (“Florida Rule”), dealing with durable medical equipment (“DME”), on the ground that it does not comply with federal mandates. The ALJ concluded the Florida Rule is not invalid. We disagree, and reverse the Final Order. § 120.68(7), Fla. Stat.
Medicaid is a joint state and federal program providing medical coverage to low-income persons. A federal agency, the Health Care Financing Administration (“HCFA”), regulates federal Medicaid requirements. The Agency for Health Care Administration (“ACHA”) is the state agency governing Florida’s Medicaid program, and is responsible for promulgating rules in compliance with federal requirements. 42 U.S.C. § 1396; 42 C.F.R. § 430.10; § 409.901 et seq., Fla. Stat.
Durable medical equipment is included in home health care services under federal Medicaid law pursuant to 42 U.S.C. section 1396d(a)(xi)(7) and under Florida Medicaid law pursuant to section 409.906(10). The Florida Rule incorporates by reference the Medicaid Durable Medical Equipment and Supply Services Coverage Limitations Handbook (“DME Handbook”), which includes in Appendix “B” the exclusive list of DME allowed for Florida Medicaid recipients age 21 and over (“adults”). By a letter from HCFA dated September 4, 1998 (“HCFA Letter”), the federal government provided all state Medicaid agencies interpretative guidance of federal Medicaid law pertaining to DME coverage.
Appellant is an insulin-dependent Medicaid recipient over age 21, who has been in a Medicaid health maintenance organization since 1992. Appellant’s doctor prescribed an insulin pump and supplies in 1996. Pursuant to a settlement agreement, AHCA ultimately provided Appellant with the insulin pump. In order to approve the pump, AHCA had to use the “miscellaneous code” contained in Appen *1204 dix “C” of the DME Handbook, applicable only to recipients under age 21, and then it “forced the age edit” on the computer.[1] Appellant’s HMO now pays for supplies for his insulin pump, but Appellant wants to change to the regular Medicaid program. However, Appellant does not want to make this change until he is assured Medicaid will cover his insulin pump supplies. AHCA claims these supplies are not covered by Medicaid.[2]
An administrative hearing was held June 7, 1999. In its Final Order, the ALJ acknowledged that the Florida Rule does not comply with the federal directives contained in the HCFA Letter. Notably, the ALJ found that the Florida Rule does not articulate the process for seeking modifications or exceptions available to beneficiaries, does not employ available reasonable and specific criteria for coverage for certain DME, and does not inform beneficiaries of the right to a fair hearing, as required by HCFA. Despite these findings, the ALJ upheld the validity of the Florida Rule.
Florida Administrative Code Rule 59G-4.070 fails to provide a procedure for adult Medicaid beneficiaries, such as Appellant, to seek insulin pump supplies. The federal government, through the HCFA Letter,[3] requires that the state’s procedures and criteria, including the state’s list of pre-approved items, be made available to beneficiaries, and that the beneficiaries be informed of their right to a fair hearing to determine whether an adverse decision is contrary to the law. However, the DME Handbook as incorporated into the Florida Rule, provides no notice to the adult recipient or providers of any alternative procedure to seek those benefits. Also, it does not inform providers or beneficiaries of any method by which adult Medicaid beneficiaries can request coverage not listed in Appendix “B” or how beneficiaries can appeal AHCA’s denial of such benefits.[4]
In Esteban v. Cook, 77 F.Supp.2d 1256 (S.D.Fla.1999), the court discussed the interrelationship between federal and Florida’s Medicaid law in light of the HCFA Letter. The Esteban case addressed whether the denial of benefits, utilizing the DME Handbook, complied with the HCFA Letter. At issue was the coverage limitation contained in the DME Handbook of $582 for custom or motorized wheelchairs provided to adult Medicaid recipients age 21 and older. However, the DME Handbook imposed no such monetary restriction on wheelchairs provided to recipients younger than age 21. The Esteban court concluded the State’s “absolute limitation of $582 on the coverage of wheelchairs provided to Plaintiffs who have severe mobility impairments entirely on the basis of age fails the reasonableness test and is contrary to the purposes of the Medicaid statute.” Id. at 1262. The court also stated, “It follows naturally that the State is then required to provide associated repairs (consistent with the DME coverage handbook) necessary to maintain the motorized wheelchairs in dependable working order.” Id.
*1205 This case similarly involves the process by which a recipient may request certain DME benefits. The pre-approved list for older recipients does not provide a procedure for requesting supplies not on the list, while the list of items allowed for younger recipients allows for exceptions. Therefore, any items not expressly included on the list of available DME for older Medicaid recipients are excluded by omission. Because Appellant is over age 21, there is no procedure available under the Florida Rule by which he can request the insulin pump supplies he seeks. This disparity in coverage discriminates against Florida Medicaid recipients age 21 and older and violates federal law by arbitrarily and unreasonably excluding coverage of benefits that may be medically necessary. Esteban.[5]
We hold, therefore, that Florida Administrative Code Rule 59G-4.070 is invalid.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MINER and VAN NORTWICK, JJ., CONCUR

. The Florida Rule’s pre-approved list contained in Appendix "C” for persons under age 21 is not exclusive, and includes a "miscellaneous” code by which they may request coverage of equipment and supplies not included on the list.

. Appellant has been substantially affected by the Florida Rule, and therefore has standing to challenge its validity under section 120.56(l)(a), Florida Statutes (1997).

. The HCFA Letter states: "An ME [DME] policy that provides no reasonable and meaningful procedure for requesting items that do not appear on a State’s pre-approved list, is inconsistent with the federal law discussed above.” Unlike Appendix “C” of the Florida Rule governing DME available to Medicaid recipients under age 21, there is no miscellaneous code in Appendix "B” that may be used to obtain prior authorization of DME for adults. As the ALJ noted, if the prescription item is not on that list contained in Appendix "B”, it will probably be denied unless other arrangements are made.

.AHCA administrators apparently can "override” its computer to provide for DME not listed in Appendix "B” of the DME Handbook, but this procedure is not described in the Florida Rule.

. Based on our holding we find it unnecessary to address the remaining issues raised by the parties.